Dwayne A. NOWLIN, Plaintiff,

v.

DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS et al., Defendants.

Civ. A. No. 88–595.

United States District Court, District of Columbia.

June 30, 1988.

Dwayne A. Nowlin, Fredricksburg, Va., pro se.

Delphine A. Askew, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This case is before the Court on defendants' motion to dismiss or in the alternative for summary judgment. After careful review of the amended complaint[1] and the motion, the Court concludes that plaintiff's claim must be dismissed.

Plaintiff filed this action pro se pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights as a result of his transfer from the Occoquan II Facility in Lorton, Virginia, to the Rappahannock Security Center in Fredricksburg, Virginia, where he served a 120 day sentence for a misdemeanor conviction.[2] He alleges that the defendants deprived him of his First Amendment rights when his personal, administrative and religious materials were removed upon transfer.[3] Further, he contends that his transfer violated his Fifth and Eighth Amendment rights because the transfer denied him "the inherent privileges of the Virginia System" and he was subjected to cruel and unusual punishment in that the defendants merely shifted him to alleviate "overcrowdedness in their system" to another system which he contends is also congested. Finally, plaintiff asserts that the Fourteenth Amendment guarantees equal protection of the First, Fifth, and Eighth Amendments. Plaintiff seeks punitive and compensatory damages.

In response it is argued that the defendants, Halem Williams, Director of the District of Columbia Department of Corrections, and Marion Barry, Mayor of the District of Columbia, are not liable for plaintiffs claims under § 1983. Government officials are not liable for any torts committed by a subordinate under a theory of respondent superior, absent a showing of direct responsibility for the improper action. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Here, plaintiff has made no allegations that either of these defendants personally deprived him of any right, therefore the claims against these defendants should be dismissed.

In addition to the authority cited by defendants, the law is clear that in order to establish a claim pursuant to 42 U.S.C. § 1983, plaintiff must allege that a policy of the municipality is the cause of his constitutional deprivation. A municipality may only be sued for constitutional deprivations pursuant to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers. *Monell v. New York City Department of Social Services*, 436 U.S. 658,

---

1. By Order dated March 11, 1988, the Court required the plaintiff to amend his complaint to set forth the factual basis for his claim. Plaintiff responded to this Order by submitting an affidavit in support of his claim.

2. When he filed this suit plaintiff was incarcerated at the Rappahannock Facility, he is presently released from custody.

3. Plaintiff does not indicate with any specificity, the content or nature of any of these materials.

690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). There has been no allegation in this case that a policy of the District of Columbia caused the harm alleged by plaintiff. *See Harris v. District of Columbia,* 652 F.Supp. 154, 156–158 (D.D.C.1986) (plaintiff failed to allege that a policy of the District of Columbia caused or contributed to her alleged mistreatment).

 Additionally defendants' assert that a transfer, in and of itself, does not deprive an inmate of any liberty interest protected by the Due Process Clause of the United States Constitution. *Olim v. Wakinekona,* 461 U.S. 238, 248, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). "Absent some right or justifiable expectation rooted in state law," a duly convicted prison inmate may be transferred from one correctional facility to another without violating the Due Process Clause. *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed. 2d 466 (1976). Under the District of Columbia Code, a person convicted of a crime is sentenced to the custody of the Attorney General of the United States. D.C.Code § 24–425 (1981); *District of Columbia v. Cooper,* 483 A.2d 317 (D.C.1984).[4]

In *Cooper,* the District of Columbia Court of Appeals held that as long as section 24–425 is in the Code, a District of Columbia prisoner can have no legitimate expectation that he will remain at Lorton throughout his term. 483 A.2d at 322. Without such an expectation, a prisoner has no interest protected by the Due Process Clause from summary deprivation. *Id. citing Meachum v. Fano,* 427 U.S. 215, 225–26, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Montanye,* 427 U.S. at 242, 96 S.Ct. at 2547. Clearly, this plaintiff was not entitled to serve his sentence at the Lorton Facility.

 Finally, it is well-settled that District of Columbia prisoners have no due process right to a hearing before being transferred to another prison. *Smith v. Saxbe,* 562 F.2d 729, 735 (D.C.Cir.1977); *Curry–Bey v. Jackson,* 422 F.Supp. 926, 932 (D.D.C.1976); *Cooper,* 483 A.2d at 322.

In view of the foregoing, the Court concludes that the defendant is not entitled to the relief requested as a matter of law and therefore the defendant's motion to dismiss will be granted.

---

[4]. The District of Columbia Code provides: "The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the District of Columbia Government, federal government, or otherwise, or whether within or without the District of Columbia. The Attorney General is also authorized to order transfer of any such person from one institution to another if, in his judgment, it shall be for the well-being of the prisoner or relieve overcrowding or healthful conditions in the institution where such prisoner is confined, or for other reasons." D.C.Code § 24–425.