Jimmy J. VAUGHN, Appellant,

v.

UNITED STATES, Appellee.

No. 89–279.

District of Columbia Court of Appeals.

Argued April 23, 1990.
Decided July 31, 1990.

Thomas G. Ross, appointed by the court, for appellant.

William E. Lawler, III, Asst. U.S. Atty., Chevy Chase, Md., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Tourish, Jr., Washington, D.C., Asst. U.S. Attys., were on the brief and supplemental memorandum, for appellee.

Before ROGERS, Chief Judge, and NEWMAN and BELSON, Associate Judges.

NEWMAN, Associate Judge:

Jimmy J. Vaughn appeals from the dismissal of his *pro se* motion, in which he challenged his transfer from Lorton to a county prison facility in Texas and alleged violation of his Eighth Amendment rights. The trial court dismissed Vaughn's motion on jurisdictional grounds. Although we find that the trial court erred in concluding that it lacked jurisdiction over Vaughn's claims, we nonetheless affirm the dismissal of his motion challenging transfer, on grounds that he fails to state a claim upon which relief may be granted, and of his Eighth Amendment claims, on grounds of mootness, failure to join what appear to be necessary parties, and failure to allege the deprivation of his constitutional rights with specificity.

I

In 1983, Vaughn was convicted by a jury of four counts of armed robbery and one count of carrying a pistol without a license. Vaughn was sentenced to consecutive terms of five-to-fifteen years on each armed robbery count and two-to-six years on the pistol charge. Vaughn appealed his conviction to this court, and we affirmed. Vaughn then challenged his sentence and, after his motion to reduce sentence was dismissed by Judge Ryan, we again affirmed.

On February 6, 1989, Vaughn was transferred from Lorton to a correctional facility in Frio County, Texas. On February 15, 1989, Vaughn filed a hand-written *pro se* "Motion under 28 U.S.C. 2255" with Judge Ryan, challenging his transfer from Lorton to the Frio County facility and alleging that his Eighth Amendment rights were being violated by the conditions of his confinement there. Vaughn demanded transfer back to Lorton.

■ In an Order dated March 1, 1989, the court dismissed Vaughn's "motion filed pursuant to 28 U.S.C. 2255" on jurisdictional grounds and without a hearing. Vaughn filed a *pro se* notice of appeal on March 6, 1989, charging that the trial court had erred by (1) failing to appoint counsel[1]; (2) failing to conduct a hearing on Vaughn's motion before dismissal[2]; (3) failing to make findings of fact and conclusions of law in his Order dismissing Vaughn's pleading[3]; and (4) concluding that the court lacked jurisdiction over the claims stated in the complaint.

We appointed counsel to represent Vaughn on appeal. After oral argument on April 23, 1990, we ordered both sides to submit supplemental memoranda on the issue of whether Vaughn has joined all necessary parties for the trial court to afford him the relief he seeks pursuant to 42 U.S.C. § 1983 (1982). In his Supplemental Memorandum, appellant's counsel informs us that since the time of oral argument, Vaughn has been transferred back to Lorton, where he is presently confined.

## II

Prisoner *pro se* complaints must be construed liberally in favor of the plaintiff, *see, e.g., Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam). Although styled as a motion under 28 U.S.C. § 2255 (1988), Vaughn's pleading, liberally construed, contains two complaints. One part of his pleading challenges the legality of his transfer from Lorton to the Frio County facility. The other portion of his pleading invokes 42 U.S.C. § 1983 to allege the violation of several of his Eighth Amendment rights, including access to the courts and access to adequate medical treatment.

The sufficiency of a complaint presents a question of law; therefore, our standard of review is *de novo*. *Davis v. United States*, 564 A.2d 31, 35 (D.C.1989); *United States v. Felder*, 548 A.2d 57, 61 (D.C.1988). *De novo* review requires us to make an original review of the record and from that review to reach an independent judgment. *Bose Corp. v. Consumers Union of the United States, Inc.*, 466 U.S. 485, 514 n. 31, 104 S.Ct. 1949, 1967 n. 31, 80 L.Ed.2d 502 (1984); *Felder, supra*, 548 A.2d at 61. Thus, as is the case when we review a motion for summary judgment, *Holland v. Hannan*, 456 A.2d 807, 814 (D.C.1983), our standard of review is the same as the standard applied by the trial court when it originally considered the sufficiency of Vaughn's complaint. Moreover, since Super.Ct.Civ.R. 52(a) does not require the trial court to issue findings of fact or conclusions of law on motions under Rule 12(b), this court must, as a practical matter, con-

---

**1.** There is nothing in the record before us to show that Vaughn filed a request for appointment of counsel with the trial court concerning the motion then before it, nor does Vaughn offer any explanation for the lack of evidentiary support for this claim on appeal. The record does show that he filed such requests concerning an earlier challenge to his sentence and concerning this appeal. In view of the lack of support in the record, we conclude that this claim is meritless.

**2.** Since, as we shall presently show, Vaughn's motion fails to state a claim entitling him to relief, he was not entitled to a hearing on his motion.

In addition, appellate counsel raises, for the first time on appeal, the issue of whether Vaughn should have had a pre-transfer hearing. While noting that there is no right to a pre-transfer hearing, *Smith v. Saxbe*, 183 U.S.App. D.C. 210, 216, 562 F.2d 729, 735 (1977); *District of Columbia v. Cooper*, 483 A.2d 317, 322 (D.C. 1984), we do not reach this issue.

**3.** This claim also is meritless; pursuant to Super.Ct.Civ.R. 52 (1989), "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided [for involuntary dismissals for failure to prosecute] in Rule 41(b)."

duct an independent review of the record whenever the trial court, as was the case here, grants a motion to dismiss without issuing findings of fact or conclusions of law. Finally, we note that, "as we have held on numerous occasions, this court may affirm a decision for reasons other than those given by the trial court." *Garrett v. Washington Air Compressor Co., Inc.,* 466 A.2d 462, 464 n. 5 (D.C.1983) (citations omitted).

### *Vaughn's transfer claim.*

■ In his complaint, Vaughn expressly invokes 28 U.S.C. § 2255 to challenge his transfer from Lorton to the Frio County facility. The trial court dismissed this claim on jurisdictional grounds. Since the court has jurisdiction over an action challenging the lawfulness of Vaughn's transfer, it was error to dismiss Vaughn's motion on jurisdictional grounds.

■ Although we conclude that there was no jurisdictional basis for the dismissal of Vaughn's motion challenging the transfer, we nevertheless affirm the dismissal on the ground that Vaughn fails to state a claim for which relief can be granted.

As Vaughn makes plain in his brief on appeal, his motion attacks the legality of his transfer. Relying on D.C.Code § 24–402 (1989),[4] he contends that as a District of Columbia prisoner convicted of an offense against the United States, he may only be transferred from the District of Columbia correctional system into the federal correctional system. Thus, Vaughn reads D.C.Code § 24–402 as limiting the transfer power of the Attorney General to District and federal facilities. We do not agree. As we said in *Cooper, supra,* a prisoner confined to Lorton has

> no legally recognized interest in remaining in Lorton Reformatory. Under D.C. Code § 24–425 (1981),[5] persons convicted of crimes in the District of Columbia are committed to the custody of the Attorney General, who may "order the transfer of any such person from one institution to another if, in his judgment, it shall be for the well-being of the prisoner or relieve overcrowding or unhealthful conditions in the institution where such prisoner is confined, or for other reasons." This authority is "clear and apparently limitless." *Curry–Bey v. Jackson,* 422 F.Supp. 926, 932 (D.D.C.1976). Obviously, as long as section 24–425 is in the Code, a District of Columbia prisoner can have no legitimate expectation that he will remain at Lorton throughout his term.

483 A.2d at 322. *See also Nowlin v. Director, D.C. Dep't of Corrections,* 689 F.Supp. 26, 28 (D.D.C.1988) (prisoner has no legitimate expectation he will remain at Lorton throughout his term and, thus, no

---

**4.** D.C.Code § 24–402 (1989) provides in relevant part:

> Whenever any person has been convicted of a crime in any court in the District of Columbia and sentenced to imprisonment for more than 1 year by the court, the imprisonment during the term for which he may have been sentenced or during the residue of said term may be in some suitable jail or penitentiary or in the Reformatory of the District of Columbia; and it shall be sufficient for the court to sentence the defendant to imprisonment in the penitentiary without specifying the particular prison or the Reformatory of the District of Columbia and the imprisonment shall be in such penitentiary, jail, or the Reformatory of the District of Columbia as the Attorney General shall from time to time designate: Provided, that the Mayor of the District of Columbia is vested with jurisdiction over such male and female prisoners as may be designated by the Attorney General for confinement in the Reformatory of the District of Columbia from

the time they are delivered into his custody or into the custody of his authorized Superintendent, deputy, or deputies, and until such prisoners are released or discharged under due process of law.

**5.** D.C.Code § 24–425, titled "Place of imprisonment," expressly permits the Attorney General to designate

> any available, suitable, and appropriate institutions, whether maintained by the District of Columbia government, the federal government, *or otherwise,* or whether *within or without the District of Columbia.* The Attorney General is also authorized *to order the transfer of any such person from one institution to another if,* in his judgment, it shall be for the well-being of the prisoner or relieve overcrowding or unhealthful conditions in the institution where the prisoner is confined, *or for other reasons.*

D.C.Code § 24–425 (1989) (emphasis added).

Due Process interest protecting him from summary deprivation); *Pitts v. Meese,* 684 F.Supp. 303, 315 (D.D.C.1987) (defendant and her family had no justifiable expectation that she would be incarcerated within District or metropolitan area and transfer did not violate her constitutional or statutory rights).

In light of the express language of the statute and the caselaw interpreting it, we conclude that Vaughn fails to state a claim for which relief can be granted and, therefore, his motion was properly dismissed.

### Vaughn's § 1983 claims.

Vaughn's pleading expressly invokes 42 U.S.C. § 1983 and the terms "civil rights complaint" and "cruel and unusual punishment";[6] thus, it is plain on the face of the pleading that he raises Eighth Amendment claims under § 1983. The only question before us is the legal sufficiency of the complaint.

In judging the sufficiency of a complaint, we must "construe the complaint in the light most favorable to the plaintiff and assume, for purposes of the motion, that the allegations in the complaint are true." *Vicki Bagley Realty, Inc. v. Laufer,* 482 A.2d 359, 364 (D.C.1984). "[A]ny ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader." *Doe v. United States Dep't of Justice,* 243 U.S.App.D.C. 354, 364, 753 F.2d 1092, 1102 (D.C.1985). Moreover, a complaint must not be dismissed on grounds that the court doubts that the plaintiff will prevail. *McBryde v. Amoco Oil Co.,* 404 A.2d 200, 202 (D.C.1979).

■ As we noted above, prisoner *pro se* complaints must be construed liberally in favor of the plaintiff, *Hughes, supra,* 449 U.S. at 10, 101 S.Ct. at 176, and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41,

45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). This rule applies with special force to *pro se* civil rights suits brought by prisoners under 42 U.S.C. § 1983. *Johnson–El v. District of Columbia,* 579 A.2d 163 (D.C. 1990); *see also Rubin v. O'Koren,* 621 F.2d 114, 117 (5th Cir.1980).

In the body of his complaint, Vaughn alleges that incarceration in the Frio County facility has subjected him to "cruel and unusual punishment" stemming from allegedly inadequate or missing educational and rehabilitative programs; lack of a law library; lack of paid employment; inadequate medical care facilities; inadequate recreational facilities; and overcrowding. By these particulars, Vaughn brings a bundle of § 1983 claims, *e.g.,* denial of access to the courts through the absence of a law library, denial of adequate medical treatment, denial of access to rehabilitative and vocational programs, overcrowding, each of which is capable of standing alone. After examining the allegations setting forth Vaughn's § 1983 claims, we affirm the dismissal below.

### A. Mootness.

■ As noted above, since the time of oral argument, Vaughn has been transferred from the Frio County facility back to Lorton. It is well-settled that a prisoner's § 1983 claims for *equitable relief* become moot upon his transfer from the place where the cause of action arose, although any claims for money damages survive the transfer. *E.g., Mawhinney v. Henderson,* 542 F.2d 1 (2d Cir.1976) (where prisoner was no longer in particular prison, his request for injunction restraining prison officials from violating his civil rights was moot, but his claim for money damages survived); *Franklin v. Israel,* 537 F.Supp. 1112 (W.D.Wis.1982) (transfer within the prison from temporary lockup to general population mooted prisoner's complaint seeking declaration that prison's policies regarding temporary lockup violated his due process rights and an injunction preventing prison officials from punishing him

---

**6.** Immediately beneath the title, Vaughn begins his pleading with the words: "A petitioner of an supplemental (sic) Civil Rights Complaint." In ¶ 1 at the top of page 2 of his pleading, Vaughn

states: "[e]very day begeing here in the County jail of Texas, (sic) is consist) of nothing but *cruel and unusual punishment* to me for no cause at all." (Emphasis in original).

without due process); *Leon v. Harris*, 489 F.Supp. 221 (S.D.N.Y.1980) (prisoner's claim for injunctive and declaratory relief with respect to alleged Eighth Amendment violations was moot where prisoner was no longer incarcerated at prison where alleged violations took place). Since Vaughn makes no claim for money damages and seeks only equitable relief in the form of transfer back to Lorton or the correction of constitutional infirmities in the conditions of his confinement, his § 1983 claims are mooted by his transfer to Lorton.[7]

Although the relief Vaughn demands is transfer, an equitable or non-monetary relief, the court is not limited to that demand. *See* Super.Ct.Civ.R. 54(c) (1989) ("Except as to a party against whom a judgment is entered by default, every final judgment *shall* grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the pleadings".) (Emphasis added). Given the nature of his § 1983 claims, which include inadequate medical care, it is not "beyond doubt that [Vaughn] can prove no set of facts in support of his claim[s] which would entitle him to [monetary] relief." *Conley, supra,* 355 U.S. at 45–46, 78 S.Ct. at 101–102. Thus, since such monetary claims are not mooted by his transfer, we must turn now to the sufficiency of those claims.

### B. Failure to join necessary parties.

■ It is typical of prisoner § 1983 actions that the correctional officials allegedly responsible for the complained-of con-

stitutional violations are joined. *See e.g., Johnson–El, supra; Morgan v. District of Columbia,* 263 U.S.App.D.C. 69, 824 F.2d 1049 (1987); *Pitts v. Meese, supra,* 684 F.Supp. 303; *Smith–Bey v. District of Columbia,* 546 F.Supp. 813 (D.D.C.1982). Determining which correctional officials are proper parties to such actions depends upon the facts of each case, and this determination sometimes can be a complicated matter. *See e.g., Harris v. Young,* 718 F.2d 620, 622 (4th Cir.1983); *Rich v. Zitnay,* 644 F.2d 41, 43 (1st Cir.1981); *Hudson v. Israel,* 594 F.Supp. 664 (E.D.Wis. 1984). This case, with its bundle of § 1983 claims challenging the adequacy of medical, recreational, vocational, legal and other facilities and services, is no exception.

It is axiomatic that Vaughn cannot obtain the relief to which he would be entitled if successful on his § 1983 claims for monetary damages caused by the alleged unconstitutional conditions of his confinement, unless he joins the parties responsible for those conditions. Practically speaking, then, it appears that Vaughn must join the Sheriff of Frio County, Texas and those state or local officials and entities in Texas[8] responsible for the conditions of which Vaughn complains. Vaughn has not done so.[9]

### C. Lack of specificity in some portions of the § 1983 claims.

■ As we noted above, prisoner *pro se* complaints must be construed liberally. However, this rule of construction is not without limits. In order to withstand dis-

7. Moreover, it is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot. *E.g., Stutsman v. Kaiser Found. Health Plan,* 546 A.2d 367, 371 (D.C.1988); *Barber v. D.C. Dep't of Human Resources,* 361 A.2d 194, 196–97 (D.C.1976); *Smith v. Worksman,* 99 A.2d 712 (D.C.1953); *McChesney v. Moore,* 78 A.2d 389, 390 (D.C.1951).

8. *See* Super.Ct.Civ.R. 19(a) (1989), Joinder of persons needed for a just adjudication. *See also Flack v. Laster,* 417 A.2d 393 (D.C.1980); *Patterson v. MacDougall,* 506 F.2d 1, 5 (5th Cir.1975); Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1611 (1986).

9. Vaughn simply contends that the local Texas officials are not necessary. As authority for this

assertion he cites *Hudson, supra,* 594 F.Supp. 664. But if *Hudson* is authority on this issue, then it cuts against *Vaughn.* In *Hudson,* a Wisconsin prisoner who was transferred to Minnesota alleged that he was being denied access to the courts because there were inadequate Wisconsin legal materials available to him in the Minnesota prison, a claim substantially the same as Vaughn's claim that the Texas jail lacks a prison library. The prisoner sued the Superintendent of the Wisconsin prison system. However, the district court dismissed the action, holding that the Wisconsin supervisor was not a proper party defendant absent some greater involvement in the transfer decision other than his supervision over the Wisconsin institution from which the prisoner was sent.

missal, prisoner *pro se* complaints must plead the alleged violation of civil rights with specificity. As one United States District Court put it, "[the] plaintiff shall specifically identify when, where, and who violated which of his rights." *Maute v. Roth*, 90 F.R.D. 174, 177 (E.D.Pa.1981). Moreover, the duty to construe a prisoner's complaint liberally does not require that the court "conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

Having examined Vaughn's bundle of § 1983 Eighth Amendment claims, we conclude that, even if broadly construed so as to infer the "when" as now and the "who" as those unnamed prison authorities responsible for the operation of the Frio County facility, two of the claims have not been pleaded with sufficient specificity to withstand dismissal: the denial of access to the courts due to the absence of a law library, and inadequate medical care.

### 1. Denial of access to the courts.

■ Liberally construed, Vaughn's allegation that the Frio County facility lacks a law library aims at claiming that he has been deprived of his constitutional right of access to the courts by the Texas prison authorities. It is well-settled that prisoners have a constitutional right of access to the courts, which may not be denied by prison officials. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72; *Wolff v. McDonnell*, 418 U.S. 539, 578–80, 94 S.Ct. 2963, 2985–86, 41 L.Ed.2d 935 (1974); *Johnson v. Avery*, 393 U.S. 483, 485–86, 89 S.Ct. 747, 748–49, 21 L.Ed.2d 718 (1969); *Ex parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 641, 85 L.Ed. 1034 (1941). As the Supreme Court held in *Bounds*:

> the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

430 U.S. at 828, 97 S.Ct. at 1498. Thus, the Court made clear that the provision of a law library is not a constitutional requirement. A prison facility without a law library can still pass constitutional muster, if it provides adequate assistance from those trained in the law. Thus, taking as true Vaughn's allegation that there is no law library at the Texas facility, he fails to allege a constitutional violation, since he does not also allege that the facility does not otherwise provide assistance from those trained in the law. Moreover, Vaughn does not allege any specific legal matters for which he required access to the courts and was denied.[10]

### 2. Inadequate medical care.

■ Vaughn's complaint alleges that his Eighth Amendment rights were violated by the lack of "an adequate medical care facility." To the extent that his complaint mounts a general challenge to the quality of the medical facilities available in the Frio County jail, it is subject to dismissal for failing to allege specific deficiencies in the jail's health care system. *Benson v. Cady*, 761 F.2d 335, 341 (7th Cir.1985). To the extent that Vaughn's complaint mounts a challenge to the quality of any care he personally received, or that he was denied needed medical care, it is subject to dismissal for failure to allege that he suffered any damage or injury as a result of the act or omission. *E.g., Cotton v. Hutto*, 540 F.2d 412 (8th Cir.1976) (complaint alleging Eighth Amendment violation based on insufficient opportunity to discuss medical problems with prison doctor dismissed for failure to state that a particular prisoner was denied care on a particular occasion or was harmed thereby); *Mitchell v. Hendricks*, 431 F.Supp. 1295 (E.D.Pa.1977) (plaintiff must allege an injury from denial of medical care that results in undue suffering or permanent residual injury), and that the act or omission was the result of deliberate indifference on the part of prison officials. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251

---

10. We note that the access requirement may be met in some cases by the offer of appointed counsel by the court. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987). We again note that there is no record that Vaughn requested appointment of counsel below. He did request appointment of counsel on appeal, and we granted his request.

(1976). Moreover, even deliberate indifference by prison officials need not violate the Eighth Amendment where the prisoner's medical condition is not sufficiently serious. *Shabazz v. Barnauskas,* 790 F.2d 1536, 1538 (11th Cir.1986) (development of pseudofolliculitis or "shaving bumps" from requirement by prison officials that prisoner shave not a sufficiently serious medical condition to constitute an Eighth Amendment violation).

Thus, we conclude that Vaughn's general allegation "[t]heri's [sic] not an *adequate medical care facility* for inmates to be treated by" fails to meet the standard of specificity required of complaints stating a claim under § 1983 for inadequate medical treatment.[11]

### IV

For the foregoing reasons, we conclude that Vaughn's motion was properly dismissed, both on the transfer complaint and on the 42 U.S.C. § 1983 complaint.

*Affirmed.*

---

**11.** Without deciding whether the other "deprivations" which Vaughn alleges provide a basis for damages under the Eighth Amendment, we are satisfied that they are likewise pled with insufficient specificity.