**Mikel ELMORE, Appellant,**

v.

**Deborah A. STEVENS, Appellee.**

**No. 01–CV–791.**

District of Columbia Court of Appeals.

Submitted Nov. 13, 2002.
Decided May 15, 2003.

---

Marjorie Rifkin was on the brief for appellant.

Deborah Stevens, pro se.

Before WAGNER, Chief Judge, and NEWMAN and NEBEKER, Senior Judges.

NEWMAN, Senior Judge:

Mikel Elmore, sued in the Superior Court as "Michael Elmore, Resident," contends the trial court erred in entering judgment against him in the sum of $250.00. We agree and reverse.

In a pro se complaint, Deborah A. Stevens sued "Medlink Hospital & Nursing Center at Capitol Hill ... (1) Dr. Peter Shinn, (2) RN Ivory Bradford (3) Michael Elmore—Resident." The complaint in its entirety reads:

Plaintiff was terminated, based on false accusations, was never notified prior to termination. The termination has affected my nursing career as a licensed practical nurse. I am requesting that all derogatory files be removed from my personnel records. I am suing for back pay and damages.

She demanded judgment in the sum of $50,000.00. When none of the defendants filed answers, defaults were entered as to each of them. Super. Ct. Civ. R. 55(a).

As required by Super. Ct. Civ. R. 55(b)(2), a hearing on damages was scheduled since the damages were not liquidated. Stevens and Elmore were the only parties to attend, both pro se. Elmore explained to the court that he did not know why he was being sued since all he had done was truthfully report a lack of proper nursing care given him by Stevens to Ivory Bradford, the nursing supervisor. In response to this statement from Elmore and some colloquy with Stevens, the court informed Stevens (and thus, also Elmore) "... the case is decided in your favor simply because the other side never showed up .... The other side cannot contest that you are deserving of relief but they can ask you questions about the amount of money, you see, that you want." Stevens stated that all she wanted from Elmore was an apology. Stating that his report to Bradford of Stevens' inadequate nursing care given him was true, Elmore declined to apologize. After hearing testimony from both Stevens and Elmore, the trial judge entered judgment against Dr. Shinn for $10,000.00 and against "Michael Elmore, *President*" (emphasis added) for $250.00.

■ A party is entitled to judgment based on a defaulted complaint only to the extent that the complaint alleges a "claim for relief" as specified in Super. Ct. Civ. R. 8. *Hudson v. Ashley*, 411 A.2d 963, 968

(D.C.1980) ("... a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). *Accord Thomson v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). In *Nishimatsu,* the court said:

> [A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. As the Supreme Court stated in the "venerable but still definitive case" of *Thomson v. Wooster:* a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true .... 114 U.S. at 113, 5 S.Ct. 788" ... The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.

515 F.2d at 1206 (footnote omitted).

*Accord Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1267 (9th Cir. 1992) (default judgment improper where complaint legally insufficient) (citation omitted); *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir.1985) (motion for default judgment correctly denied where complaint failed to state a claim for relief against the defendant); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981) (defendant in a default judgment proceeding may contest the sufficiency of the complaint) ("... a district court has discretion under R. 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action ....") (citation omitted) (all interpreting substantially identical federal rule).

■ Read in its light most favorable to Stevens, and assuming the allegations of the complaint are true, *see Vicki Bagley Realty, Inc. v. Laufer,* 482 A.2d 359, 364 (D.C.1984), while also keeping in mind the court's obligation to liberally construe pro se civil complaints, *MacLeod v. Georgetown Univ. Med. Ctr.,* 736 A.2d 977, 980 (D.C.1999), *cert. denied,* 528 U.S. 1188, 120 S.Ct. 1240, 146 L.Ed.2d 99 (2000), the complaint may arguably be read to attempt to assert claims for relief against Elmore based on defamation and/or intentional infliction of emotional distress.

■ We set forth the pleading requirements for a defamation action in *Beeton v. District of Columbia,* 779 A.2d 918, 923 (D.C.2001), and for intentional infliction of emotional distress in *Crowley v. North Am. Telecomms. Ass'n,* 691 A.2d 1169, 1171 (D.C.1997) (citations omitted). Measured by the legal standards set forth by those cases, the complaint at issue here is woefully inadequate even tested as a pro se one. A court's duty to construe a pro se complaint liberally does not permit a court to uphold completely inadequate complaints. *Vaughn v. United States,* 579 A.2d 170, 176 (D.C.1990) (quoting *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir. 1979)) (duty to construe the complaint liberally does not require court to conjure up unplead allegations). The complaint in this case never alleges that Elmore did anything. It failed to meet the most basic requirement that it must be sufficient to put the defendant on notice of the claims against him. *Keranen v. National R.R. Passenger Corp.,* 743 A.2d 703, 713 (D.C. 2000) (citations omitted). The trial court committed reversible error both in informing the parties that the default was conclusive except for damages and in rendering

judgment based on such a complaint.[1]

*Reversed.*

---

**1.** In light of the above, we need not delve into the readily apparent issue of the qualified privilege which Elmore had to make the report he did. *See generally Smith v. District of Columbia,* 399 A.2d 213, 220 (D.C.1979). *See also* 42 U.S.C. § 1395(a) (1997) pertaining to nursing homes as implemented by both Federal and District of Columbia regulations. We further note the record shows no basis for the amount of the damage award of $250.00 against either "Michael Elmore, President," or the actual defendant, properly named Mikel Elmore, a name never mentioned in the complaint.