DISTRICT OF COLUMBIA, Appellant,

v.

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 20 and Local 2921, Appellees.

Nos. 12–CV–476, 12–CV–477, 12–CV–500.

District of Columbia Court of Appeals.

Argued Feb. 27, 2013.

Decided Oct. 31, 2013.

Holly M. Johnson, Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellant.

Brenda C. Zwack, Washington, DC, for appellees.

Before BLACKBURNE–RIGSBY and BECKWITH, Associate Judges, and KING, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

The District of Columbia appeals from a Superior Court Order denying three motions[1] brought under the Revised Uniform

1. The motions related to three separate cases. The first two motions were filed in July 2010 on behalf of the District of Columbia Public Schools ("DCPS") concerning grievances advanced by the American Federation of State, County, and Municipal Employees, Local 2921, AFL–CIO ("AFSCME"). The third motion was filed in November 2010 on behalf of the District of Columbia Child and Family

Services Agency ("CFSA") concerning a grievance filed by the American Federation of State, County, and Municipal Employees, District Council 20, AFLCIO ("AFSCME, District Council 20"). At the parties' request, the cases were assigned to the same Superior Court judge. The appeals before this court were consolidated.

Arbitration Act ("Arbitration Act") to stay arbitration of public-sector labor grievances.[2] The trial court ruled that because the Comprehensive Merit Personnel Act ("CMPA")[3] preempts the Arbitration Act, the court lacked jurisdiction to grant the requested stays.[4] Because the trial court found that it did not have jurisdiction to grant the relief requested, it did not address the merits of the District of Columbia's motion, i.e., whether the grievances are arbitrable. On appeal, the District of Columbia argues, *inter alia*, that the Supe-

rior Court has jurisdiction over its motions to stay arbitration because the CMPA does not preempt the provision of the Arbitration Act that provides for a pre-arbitration motion to stay. We agree. As we recently held in *Washington Teachers' Union, Local # 6, American Federation of Teachers, AFL–CIO v. District of Columbia Public Schools* ("*Washington Teachers' Union*"), 77 A.3d 441 (D.C.2013),[5] the CMPA provides no comparable relief to a pre-arbitration motion to stay[6] and there-

2. D.C.Code § 16–4407(b) (2012 Repl.).

3. D.C.Code §§ 1–601.01 to –636.03 (2012 Repl.).

4. The trial court cited the District of Columbia's failure to exhaust its administrative remedies as "another reason" to deny the motions to stay.

5. We granted the District of Columbia's motion to assign this case and *Washington Teachers' Union* to the same merits division.

6. The CMPA establishes a merit personnel system that includes provisions for a Public Employees Relations Board ("PERB"). *See* D.C.Code § 1–605.01. PERB has the authority, *inter alia*, to: "[d]ecide whether unfair labor practices have been committed and issue an appropriate remedial order"; "[c]onsider appeals from arbitration awards pursuant to a grievance procedure," which is "the exclusive method for reviewing the decision of an arbitrator concerning a matter properly subject to the jurisdiction of the Board, notwithstanding any provisions of [the Arbitration Act]"; and to "[s]eek appropriate judicial process to enforce its orders and otherwise carry out its authority...." D.C.Code § 1–605.02.

During the pendency of this appeal, appellee raised additional support under D.C.App. R. 28(k) for the proposition that "questions of both procedural and substantive arbitrability arising in arbitrations under the ... [CMPA] must be submitted to the arbitrator in the first instance. In a letter to our chambers received on October 17, 2013, appellee points to PERB's recent decision in *District of Columbia v. American Federation of State, County and Municipal Employees, Local 2921*, Slip

Op. No. 1429, PERB Case No. 12–N–03 (Sept. 26, 2013), relating to these appeals. PERB made a number of determinations, two of which are relevant here:

(1) PERB rejected the theory that having an arbitrator decide the initial question of arbitrability runs contrary to the Arbitration Act and Supreme Court and District precedent. In so doing, PERB cited to our decision in *District of Columbia Metropolitan Police Department v. Fraternal Order of Police/Metropolitan Police Department Labor Committee*, 997 A.2d 65 (D.C.2010) ("*FOP*") and *District of Columbia v. American Federation of Government Employees, Local 1403*, 19 A.3d 764, 774 (D.C.2011) ("*AFGE*"). PERB also distinguished the Supreme Court case *AT & T Technologies, Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) by again citing to our decisions in *FOP* and *AFGE*, as well as D.C. Superior and PERB cases, claiming that even though " '[arbitrability] is a matter to be determined by the court on the basis of the contract entered into by the parties,' " PERB Case No. 12–N–03 at 11 (quoting *AT & T*, 475 U.S. at 648, 106 S.Ct. 1415), here, the statutory basis of the contract is the CMPA, which requires that an arbitrator determine questions of arbitrability in the first instance; and

(2) PERB denied the motion on the basis that only initial questions of arbitrability, which are procedural as opposed to substantive, should be determined by an arbitrator. PERB concluded that " 'PERB's case law ... is clear that both procedural and substantive arbitrability concerning CMPA sanctioned arbitrations

fore does not preempt that provision of the Arbitration Act.[7] Accordingly, the trial court had jurisdiction to stay arbitration, and we remand the remaining cases for further proceedings.[8]

## I.

AFSCME is the recognized bargaining representative of certain DCPS employees. In September and October of 2009, AFSCME filed two grievances alleging that actions taken by DCPS in connection with a reduction-in-force ("RIF") violated the parties' collective bargaining agreement ("CBA").[9] The parties were unable to resolve their dispute, and AFSCME sought arbitration. The District of Columbia, acting on behalf of DCPS, filed motions to stay the arbitrations under the Arbitration Act. The trial court denied the motions, and the District of Columbia appealed. The District of Columbia filed a motion with this court for an injunction staying arbitration of the underlying disputes pending appeal. This court denied

## II.

■ The primary question before us—whether the CMPA preempts the Arbitration Act's motion-to-stay provision thus depriving the Superior Court of jurisdiction—was recently answered by this court in *Washington Teachers' Union*. Thus, the only remaining question in this case is how best to proceed on the merits of the parties' disagreement over whether the grievances are arbitrable.

■ Although the trial court did not reach the question of whether the grievances were arbitrable because it concluded that it lacked jurisdiction, the District of Columbia nonetheless urges us to resolve this issue without remanding the matter to the Superior Court, arguing that remand would be futile as only one disposition is possible as a matter of law. We will "eschew a remand as unnecessary ∴ if …

must be presented to the arbitrator in the first instance.' " *Id.* at 11–12.

As we said in *Washington Teachers' Union*, FOP is distinguishable from cases involving pre-arbitration relief because the CMPA is silent on the issue of "pre-arbitration remedies … in contrast to [the] post-arbitration relief" that was at issue in *FOP* and *AFGE*. 77 A.3d at 449. In cases involving post-arbitration relief, we have recognized that under the CMPA, PERB has the power to decide "appeals from arbitration awards pursuant to a grievance procedure," and that such review is " 'the exclusive method for reviewing the decision of an arbitrator concerning a matter properly subject to the jurisdiction of the Board, notwithstanding any provisions of Chapter 44 of Title 16,' that is, the Arbitration Act." *Id.* at 449. Accordingly, our decision in *Washington Teachers' Union* stands and applies to the instant appeals.

7. We also concluded that a party was not required to exhaust administrative remedies under the CMPA before filing a motion to stay

arbitration under the Arbitration Act. *Washington Teachers' Union*, 77 A.3d at 454, n. 24.

8. On December 12, 2012, an arbitrator held that AFSCME, District Council 20's grievance against the CFSA was not substantively arbitrable. AFSCME, District Council 20 has not filed an appeal from that decision, and the time for filing such appeal has expired. Thus, the only outstanding cases arise from the AFSCME grievances against DCPS. The case involving CFSA, No. 12–CV–477, is dismissed as moot. "[I]t is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot." *Vaughn v. United States*, 579 A.2d 170, 175 n. 7 (D.C.1990) (citations omitted).

9. Specifically, AFSCME claimed that "on or before August 25, 2009" and "on or before October 2, 2009, DCPS intentionally RIF'ed … union members without using the contractual provisions," in violation of Article IX of the CBA.

the record before us [is] conclusive[,]" such that only one disposition is possible as a matter of law, and "we [can] state with complete assurance that further development of the record could not conceivably alter [the] result." *Andrews v. Dist. of Columbia Police and Firefighters Ret. and Relief Bd.*, 991 A.2d 763, 776 (D.C.2010) (Schwelb, J., concurring) (citing *In re Melton*, 597 A.2d 892, 908 (D.C.1991) (en banc)).[10] Nonetheless, there is no rule that compels this court to forgo remand and decide an issue for the first time on appeal. D.C.Code § 17–306 (2012 Repl.). For the reasons that follow, we conclude that the better course in this case is to remand.

First, we cannot ignore that the passage of time while this appeal has been pending may have altered the parties' circumstances. As noted earlier, an arbitrator has already determined that the CFSA grievance was not arbitrable, a decision that the union did not appeal, and hence that case is moot. See *supra* note 8. Counsel informed us during oral argument that the remaining two cases had been consolidated before an arbitrator for the purpose of determining arbitrability. However, we are unaware of the current status of that proceeding. Remanding to the Superior Court to determine whether arbitration of the grievances should be stayed, pursuant to the Arbitration Act, will better allow the parties to keep the court apprised of developments in the arbitration proceedings.[11] Furthermore, AFSCME's failure to brief the merits of the arbitrability question has placed us in the somewhat unusual circumstance of deciding whether to remand, wait for supplemental briefing, or decide the question without the benefit of arguments on both sides.[12] We are reluctant to forge ahead without offering AFSCME some avenue to express its views,[13] but are also loathe to wait for supplemental briefing, particularly while the circumstances continue to change as the arbitration moves forward. Therefore, we feel the better course is to allow the parties to direct their arguments over the arbitrability of the grievances to the Superior Court in the first instance.[14]

10. In *Andrews*, we decided that it was appropriate to remand to the agency on the question of whether petitioner qualified, as a "child," for survivor benefits, under the statute because the record was not entirely undisputed on the question, notwithstanding petitioner's ample evidence of her disability. 991 A.2d at 776.

11. Additionally, as the trial court recognized, the scope of the disputes that AFSCME seeks to arbitrate is difficult to ascertain from the grievance letters alone. The trial court is in a better position than this court to communicate with the parties as necessary to determine the scope of the disputes over which AFSCME seeks arbitration. Trial judges are well-equipped to resolve the question of arbitrability because it is a matter of contract interpretation. *See Washington Teachers' Union, supra*, 77 A.3d at 454.

12. While we have AFSCME's opposition to the District of Columbia's motion to stay arbitration as part of the record on appeal, the District's appellate briefs did not simply copy verbatim the arguments advanced in the motion to stay. As a result, a response to the District of Columbia's arguments as they have been presented on appeal would be helpful.

13. We do not mean to express approval, however, of AFSCME's decision not to brief the issue—which the District of Columbia addressed at length in its brief—and to instead request to submit a supplemental brief in the event we determined that the Superior Court had jurisdiction. An appellee, like an appellant, must submit a brief that includes an argument section including appellee's "contentions and the reasons for them, with citations to the authorities and parts of the record on which [the party] relies...." D.C.App. R. 28(a)(8)(A)-(B).

14. Of course, if the arbitration proceedings have developed to a stage where the parties are satisfied with the arbitrator's handling of the cases, as they appear to be in the CFSA

For the foregoing reasons, the order on appeal is hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

*So ordered.*

KING, Senior Judge, dissenting:

For the reasons I stated in my dissent in *Washington Teachers' Union, Local # 6, American Federation of Teachers, AFL–CIO v. District of Columbia Public Schools,* 77 A.3d 441, 459–60 (D.C.2013) (King, J., *dissenting* ), I respectfully dissent from the reversal of Judge Zeldon's ruling that she lacked jurisdiction to stay arbitration. However, I agree with the majority that, having reversed this decision, we should remand the case to the trial court rather than deciding the underlying issues ourselves.

case, the parties should inform the trial court appropriately, and it may be that no further judicial decision is necessary.