Beckwith, Associate Judge,
with whom McLeese, Associate Judge, joins, concurring: •
The sole point of disagreement within the division concerns the disposition of Mr. Welsh’s claims against the McNeils. The trial court granted summary judgment against Mr. Welsh on the theory that he lacked standing to assert these claims based on the HOA bylaws. Concluding that the grant of summary judgment cannot be sustained on this basis, we reverse.
“Standing is a question of law that is reviewed de novo; the underlying factual determinations are reviewed for clear error.” Daley v. Alpha Kappa Alpha Sorority, Inc., 26 A.3d 723, 729 (D.C. 2011). The basis for Mr. Welsh’s standing is Article XI, § 1 (d) of the HOA’s bylaws, which states that “[a]ny individual Member shall have the same rights as the Association to enforce any provision of these Byláws except the right to collect delinquent assess *158 ments.” Section 1 (a)(1) further provides that legal relief “may be sought by the Association ... or, if appropriate, by any aggrieved Member.” No other provision in the bylaws requires or allows the HOA to approve or disapprove suits by members to enforce the bylaws.
The trial court concluded that the HOA’s purported approval of the McNeils’ lease on March 27, 2014, deprived Mr. Welsh of standing to sue for the violation of the bylaws he has alleged. Even assuming that the HOA did approve the McNeils’ third lease with Oxford House— Texas Avenue, however—something Mr. Welsh disputes—we do not agree with the trial court that this approval deprived Mr. Welsh of standing to assert his claims under the HOA bylaws, which are akin to a contract enforceable by all individual members. See Meshel v. Ohev Sholom Talmud Torah, 869 A.2d 343, 361 (D.C. 2005) (“It is well established that the formal bylaws of an organization are to be construed as a contractual agreement between the organization and its members.”). Just as the parties to a contract may provide for enforcement by an intended third-party beneficiary, see, e.g., Fields v. Tillerson, 726 A.2d 670, 672 (D.C. 1999), the bylaws of an organization may also provide for enforcement by individual members. No one contends that the relevant bylaw provisions changed during the course of the litigation. Assuming they initially conferred standing on Mr. Welsh—an assumption neither the trial court nor the parties have challenged—they continued to do so.[1]
If the HOA approved the McNeils’ third lease and thereby brought it into compliance, Mr. Welsh’s claim that this lease violated the bylaws may well fail on the merits. If the HOA itself were to sue the McNeils on similar grounds, its claim might fail for the same reason: not because the HOA or Mr. Welsh lacked standing to enforce the bylaws, but because the McNeils were no longer violating the bylaws. The absence of a violation—or the court’s inability to grant relief due to the absence of a violation—cannot in itself deprive a party of standing. If it could, consideration of standing would lapse entirely into adjudication of the merits. See Grayson v. AT & T Corp., 15 A.3d 219, 229 & n.20 (D.C. 2011).
In addition, the trial court’s order granting summary judgment failed to take into account the McNeils’ prior two leases, which were in effect from 2009 to 2011 and 2011 to 2013. The HOA purported to approve only the lease that began in 2013, so even if that approval did have some bearing on Mr. Welsh’s standing, it did not affect his standing to sue based on the earlier noncomplying leases.[2]
Judge Glickman argues in dissent that the trial court was—or would have been, had it addressed this issue-justified in concluding that Mr. Welsh lacked standing to sue for these past violations of the bylaws because there was no relief the court could provide. On this record it appears that the past noneompliant leases left nothing to enjoin and there was therefore no basis for prospective relief. See, e.g., Equal Rights Ctr. v. Props. Int’l, 110 A.3d 599, 603 (D.C. 2015) (stating that the *159 redressability condition of standing requires that “a plaintiff seeking forward-looking relief, such as an injunction, must allege facts showing that the injunction is necessary to prevent injury otherwise likely to happen in the future”). But Mr. Welsh has also persistently sought monetary damages—in his complaint, in his motion for summary judgment, and in his brief in this court.[3] A claim for damages is not mooted by the lack of an ongoing violation or the unavailability of prospective relief. See, e.g., Vaughn v. United States, 579 A.2d 170, 174 (D.C. 1990) (en banc). Mr. Welsh’s live claim as it pertains to the prior leases is that the McNeils’ violations of bylaws that he is empowered to enforce entitle him to damages, a remedy the court can grant. Regardless of the actual merits of this claim, Mr. Welsh is entitled to assert it and the trial court erred in concluding—at least on the grounds it relied on—that he lacked standing.
While the record before us might permit us to reach our own conclusions on the merits of Mr. Welsh’s claims, “it' usually will be neither prudent nor appropriate for this court to affirm summary judgment on a ground different from that relied upon by the trial court.” Wagner v. Georgetown Univ. Med. Ctr., 768 A.2d 546, 560 (D.C. 2001); see also Jaiyeola v. District of Columbia, 40 A3d 356, 372-73 (D.C. 2012). The order granting summary judgment rested entirely on the erroneous conclusion that Mr. Welsh lacked standing due to the HOA’s approval of the McNeils’ 2013 lease, and the briefing in this appeal has focused on that issue. Arguments on other aspects of Mr. Welsh’s standing or on the merits of Mr. Welsh’s claims—for example, about whether the HOA actually-approved the 2013 lease or whether Mr. Welsh has adequately shown an entitlement to damages based on the McNeils’ prior noncompliant leases—can best be addressed by the trial court in the first instance. We therefore vacate the trial court’s order granting summary judgment on Mr. Welsh’s claims and remand for further proceedings consistent with this opinion.

. On remand, the parties may address the impact, if any, of the phrase “if appropriate” in the bylaw provision allowing legal relief to be sought, "if appropriate, by any aggrieved Member.” This question has not been addressed by the trial court or raised by the parties, and we decline to decide it sua sponte and without the benefit of briefing.

. At least before this court, the McNeils have not disputed that the earlier leases were in violation of the HOA bylaws.

. Although Mr. Welsh's claim for damages has persisted throughout the litigation, it has also changed. In his complaint, he asserted without elaboration that he and the HOA had both suffered damages. In his motion for summary judgment, on the other hand, he argued only that the HOA was entitled to damages based on a fine schedule promulgated under the bylaws. In his appellate brief, he refers both to damages he has suffered and to the HOA’s fine schedule. On remand the trial court may determine what damages Mr. Welsh is claiming and whether he is entitled to them.