**Jimmy J. VAUGHN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 90–1338.**

District of Columbia Court of Appeals.

Submitted Oct. 24, 1991.

Decided Dec. 9, 1991.

Robert J. Dowlut, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman, and Douglas K. Klein, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TERRY and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

TERRY, Associate Judge:

This is an appeal from a trial court order denying appellant's two most recent motions to vacate sentence under D.C.Code § 23–110 (1989). We affirm.

Appellant Vaughn and a co-defendant, Michael Anderson, were convicted of four counts of armed robbery, and Vaughn alone was convicted in addition of carrying a pistol without a license. His conviction was affirmed on direct appeal in an unpublished memorandum opinion and judgment.[1] He then filed *pro se* a motion to reduce sentence, followed a few days later by a similar motion filed by counsel. Both motions were denied by the trial court, and that denial was affirmed on appeal, again in an unpublished memorandum opinion.[2] While that appeal was pending, Vaughn

---

1. *Vaughn v. United States,* No. 85–362 (D.C. May 22, 1987).

2. *Vaughn v. United States,* No. 87–1098 (D.C. October 17, 1988).

filed another motion *pro se,* this time seeking vacation of his sentence under D.C.Code § 23–110 on various grounds, including ineffective assistance of counsel. This motion was denied by the trial court without a hearing. That denial was affirmed on appeal, once again in an unpublished memorandum opinion.[3]

In the meantime, Vaughn was transferred from Lorton Reformatory to a prison in Texas. He promptly filed a motion, again *pro se,* seeking a transfer back to Lorton. The trial court denied that motion. On appeal this court affirmed the denial in a published opinion, albeit on grounds different from those relied upon by the trial court.[4]

A few months later, on October 26, 1989, Vaughn filed yet another motion *pro se,* this time for a writ of error coram nobis or, in the alternative, for vacation of his sentence under D.C.Code § 23–110. He asserted six separate grounds for relief, some—and perhaps all—of which had been presented in prior motions.[5] Soon thereafter, on November 20, appointed counsel filed another motion for reduction of sentence, to which was attached a handwritten "letter motion" by Vaughn himself. The trial court denied the November 20 motion on January 31, 1990, on the ground that it no longer had jurisdiction to reduce Vaughn's sentence,[6] and noting that his other claims had all been presented and denied in earlier proceedings. No appeal was taken from that denial.

Finally, on March 22, 1990, Vaughn filed *pro se* a supplemental coram nobis motion, reiterating the claims made in the October 26 motion and renewing a request for appointed counsel. Both the October 26 motion and the March 22 motion were denied

in a single order, from which this appeal is taken.

This extended history demonstrates not only that Vaughn has had several opportunities to seek post-conviction relief in this case, but that he has frequently taken advantage of those opportunities by filing a variety of motions. D.C.Code § 23–110(e) provides that the trial court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The government asserts that Vaughn's latest motions "merely repeated contentions previously rejected in [three prior motions]." With one possible exception,[7] we agree. The trial court was under no obligation even to consider these repeated claims. *See Hurt v. St. Elizabeths Hospital,* 366 A.2d 780, 781 (D.C.1976), citing D.C.Code § 23–110. "Controlling weight may be given" to the denial of a prior application for collateral relief on the same ground if that denial was on the merits, unless the ends of justice require that the claim be considered anew. *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); *accord, Salinger v. Loisel,* 265 U.S. 224, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989 (1924).

Moreover, to the extent that any of his post-conviction motions raised issues that could have been, but were not, raised on direct appeal, Vaughn has failed to make the two-part "cause and prejudice" showing required by *United States v. Frady,* 456 U.S. 152, 167–168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). *See Head v. United States,* 489 A.2d 450, 451 (D.C.1985). In any event, Vaughn's claims were vague and conclusory and hence in-

---

3. *Vaughn v. United States,* No. 88–679 (D.C. July 24, 1989).

4. *Vaughn v. United States,* 579 A.2d 170 (D.C.1990).

5. Five of the six grounds for relief clearly were raised in Vaughn's first § 23–110 motion, the denial of which we affirmed in July 1989. The sixth ground, that Vaughn was denied an opportunity to produce witnesses to show that his "life was unmanageable," may be a new claim, or it may be a repetition of his prior claim that

his counsel failed to present evidence that he was "powerless over alcohol" and that his life was "unmanageable." In either event, we conclude that the trial court's order should be affirmed for the reasons stated later in this opinion.

6. *See* Super.Ct.Crim.R. 35(b) (imposing time limits on the filing of motions to reduce sentence).

7. See note 5, *supra.*

sufficient even to require a hearing. *Pettaway v. United States*, 390 A.2d 981 (D.C.1978). Finally, Vaughn's request for appointed counsel was properly denied. *Jenkins v. United States*, 548 A.2d 102, 105 (D.C.1988); *see Lee v. United States*, 597 A.2d 1333, 1334 (citing cases) (D.C.1991).

The order from which this appeal is taken is accordingly

*Affirmed.*