Herbert R. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 93–CO–1034.

District of Columbia Court of Appeals.

Submitted Feb. 7, 1995.
Decided March 30, 1995.

---

Gregory C. Powell, Riverdale, MD, appointed by this court, for appellant.

Eric H. Holder, Jr., U.S. Atty., with whom John R. Fisher, Roy W. McLeese, III and J. Patricia Wilson Smoot, Asst. U.S. Attys., were on brief, for appellee.

Before KING and RUIZ, Associate Judges, and BELSON, Senior Judge.

KING, Associate Judge:

Herbert R. Brown appeals the denial of his second motion, attacking convictions of several criminal offenses, filed pursuant to D.C.Code § 23–110 ("second motion"), contending that the trial court should have conducted a hearing on the motion and counsel should have been appointed to represent him. The motion was denied on the ground that the issues raised had already been considered and resolved against appellant in prior proceedings, namely a previously filed § 23–110 motion ("first motion"), and the direct appeal from his convictions. Because there was a defect in the trial court's consideration of the first motion, we hold that the trial court should have appointed counsel and conducted a hearing to resolve the second motion. Accordingly, we reverse.

## I.

Brown was convicted of murder and related firearm offenses and sentenced on November 20, 1991. A timely notice of appeal was filed and new counsel [1] was appointed by this court to represent Brown in the direct appeal. Thereafter Brown filed, *pro se,* the first motion [2] in the trial court contending that trial counsel's representation was constitutionally defective because counsel failed to raise certain points relating to Brown's mental condition. The grounds relied on in the first motion were basically the same as those later presented in the second motion, which is the subject of this appeal. The trial court transmitted a copy of Brown's first motion to both appellate counsel and the prosecutor on

---

1. The attorney appointed in that appeal is not the same attorney who represents Brown in this appeal.

2. Brown actually filed two separate but identical motions on different days, both of which he captioned as "Motion for Arrest of Judgment or in the Alternative for a New Trial." The trial court properly construed the pleadings as requests for

relief pursuant to D.C.Code § 23–110. *See Johnson v. United States,* 385 A.2d 742, 743 (D.C. 1978). The hearing conducted by the trial court addressed the issues raised in both motions, and since both were denied by the trial court, we refer to these two motions collectively as the "first motion."

June 29, 1992. The trial court then scheduled a hearing on the motion for December 7, 1992, but the record is silent whether the trial court notified appellate counsel of the hearing date or requested counsel's participation. Brown, his trial counsel, and a prosecutor appeared at the hearing; however, appellate counsel did not appear and Brown was not otherwise represented by counsel.

■ During the hearing, the court received testimony from trial counsel and thereafter denied Brown's motion in a written order entered that same day. No appeal was taken from that order. Subsequently, the direct appeal was decided adversely to Brown in a Memorandum Opinion and Judgment entered on February 26, 1993. Brown's *pro se* petition for rehearing en banc was denied on June 8, 1993. The second motion, seeking essentially the same relief as that sought in the first motion and requesting the appointment of counsel, was filed on July 2, 1993. That motion was denied in a written order on July 12, 1993, on the ground that the issues had previously been raised in the trial and appellate courts and decided adversely to Brown. This appeal, challenging the denial of that motion, followed.[3]

## II.

■ Ordinarily, for reasons discussed in more detail *infra*, the claims made by Brown in his second motion would entitle him to a hearing and appointment of counsel,[4] unless there is a procedural ground, which appeared to be the case here, which allows the trial court to summarily deny the motion. For example, it is well settled that ineffective assistance of trial counsel challenges, such as this one, generally must be raised during the pendency of the direct appeal. *See, e.g., Shepard v. United States*, 533 A.2d 1278, 1280 (D.C.1987). It is also well settled that the trial court is "not required to entertain a second or successive [§ 23–110] motion[s] for similar relief on behalf of the same prisoner." *Vaughn v. United States*, 600 A.2d 96, 97 (D.C.1991) (citation omitted); D.C.Code § 23–110(e) (1992). Thus, because the second motion in this case raised issues essentially identical to those unsuccessfully raised in previous proceedings, under most circumstances, the trial court would be free to deny the motion without conducting a hearing or appointing counsel, as the trial court did here.

■ The proceedings resolving the first motion, however, were flawed because Brown was not represented by counsel. In that proceeding the trial court correctly concluded that an evidentiary hearing was necessary to resolve the issues presented in the motion. *Smith, supra*, 608 A.2d at 131 (a presumption exists that an ineffective assistance of counsel claim requires a hearing); *Ramsey v. United States*, 569 A.2d 142, 147 (D.C.1990) (same). Having determined that a hearing was necessary, the court was obligated to appoint counsel to represent Brown at that hearing.[5]  *See* D.C.Code § 11–2601(3)(A)

3. Although he does not vigorously press the point, Brown also faults appellate counsel in the direct appeal for not raising the ineffective assistance of trial counsel arguments made by Brown, *pro se*, in his first collateral attack in the trial court. In order to challenge the representation of appellate counsel, a defendant must move in this court to recall the mandate within 180 days from the date of the issuance of the mandate. D.C.App.R. 41(c) (1990); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C.1987) (en banc), *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988). The mandate in Brown's direct appeal was issued on June 17, 1993, and no formal motion seeking its recall was ever filed. We note, however, that the notice of appeal in this case was filed on August 11, 1993. If that notice of appeal were to be construed as a motion to recall the mandate in the direct appeal, it would be timely, and this court would have jurisdiction to consider Brown's ineffective

assistance of appellate counsel argument. We need not consider whether we can take that course, however, in light of the relief provided, *i.e.*, Brown will now have an opportunity to present his claim of ineffective assistance of trial counsel with the assistance of counsel in the trial court.

4. *Smith v. United States*, 608 A.2d 129, 131 (D.C. 1992) (ineffective assistance of counsel claims normally require a hearing); *Doe v. United States*, 583 A.2d 670, 673 (D.C.1990) (when a hearing is required, appointment of counsel is mandatory).

5. It is well settled that Brown has no constitutional right to appointed counsel to pursue post-conviction collateral attacks. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Lee v. United States*, 597

(1992); *Doe, supra,* 583 A.2d at 673 ("When hearing is required ... the appointment of counsel by the trial court is obligatory").[6] This the trial court did not do. Brown's trial counsel did not purport to represent Brown at the initial hearing; indeed trial counsel was barred from such representation because of the obvious conflict of interest. *Ramsey,* 569 A.2d at 146 (it is a conflict of interest for lawyer to represent prisoner in § 23–110 proceedings premised on his own ineffectiveness); *Shelton v. United States,* 323 A.2d 717, 718 (D.C.1974) (same). Appellate counsel did not appear, and no other attorney was present on Brown's behalf. Thus, having been granted a hearing on his *pro se* motion, Brown was without counsel to act on his behalf even though he was entitled to have counsel appointed. We must now determine what consequences, if any, flow from the trial court's failure to appoint counsel to assist Brown in pursuing his claims against trial counsel in the first motion.

We have never decided whether a defective § 23–110 hearing entitles the movant to a subsequent hearing to remedy the defect. We have no doubt, however, that the court in *Vaughn* did not contemplate that resolution of the earlier motion would bar a subsequent challenge if the initial proceeding was flawed in the manner presented here. *Vaughn, supra,* 600 A.2d at 97 ("Controlling weight may be given to the denial of a prior application for collateral relief ... unless the ends of justice require that the claim be considered anew.") (citations omitted); *See also Olevsky v. District of Columbia,* 548 A.2d 78, 80 (D.C.1988). Olevsky challenged his convictions for several minor misdemeanor offenses, which did not result in incarceration, on the ground that he was improperly denied the opportunity to request representation by counsel. *See* D.C.Code § 11–2602. We observed that the trial judge ignored his "obli-

gation to recognize that he had a discretionary right to appoint counsel for Olevsky and to exercise that discretion in an informed and meaningful manner," and held that where an indigent defendant was deprived of his right to have counsel appointed, absent a valid waiver, his conviction must be reversed. *Id.* at 83 (citation omitted).

As we said above, under the circumstances, Brown was entitled to have counsel appointed to represent him in pursuing the first motion. There is nothing in the record, however, showing that Brown was either informed of his right to counsel or that he waived that right. The result was that Brown was denied his statutory right to be represented by counsel during the hearing on the first motion. For that reason we conclude that the first hearing was a nullity and may not serve as a bar to a successive § 23–110 petition. *See Batanic v. I.N.S.,* 12 F.3d 662, 667 (7th Cir.1993) (when party is deprived of right to counsel, a new hearing with counsel is required); *United States v. Robinson,* 502 F.2d 894, 896 (7th Cir.1974) ("When no lawyer appears to represent the defendant, and his request for legal representation is wholly denied, the proceedings are tainted from their roots.") (citing *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942)); *United States v. Watson,* 496 F.2d 1125, 1129–30 (4th Cir.1973) (only new trial can cure denial of statutory right to be represented by two attorneys when only one was appointed). In short, we read *Vaughn* to hold that where a movant is without legal counsel in the earlier proceeding, under circumstances where he was entitled to have counsel appointed, "[t]he ends of justice require that the claim be considered anew." *Vaughn,* 600 A.2d at 97.

We are buttressed in our view by the cases decided in the wake of *Gideon v. Wain-*

A.2d 1333, 1334 (D.C.1991). However, because a statute confers that right, D.C.Code § 11–2601(3)(A), absent a valid waiver, it was error for the trial court to deny the appointment of counsel for Brown. *See Doe, supra.*

**6.** In *Doe,* and in *Jenkins v. United States,* 548 A.2d 102, 104 (D.C.1988), the prisoner requested counsel but Brown made no request for representation in his first motion. In our view, Brown's failure to request counsel is not fatal to

his cause because D.C.Code § 11–2602 (1992) requires the trial court to advise Brown of his right to counsel in such circumstances, and no such advice was given. In short, since Brown was never informed he had a right to counsel, his failure to expressly request representation does not bar him from the benefits conferred in *Doe, i.e.,* the right to appointment of counsel in circumstances where a hearing is required.

*wright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which held that a felony conviction imposed upon a defendant not represented by counsel, without a valid waiver, was constitutionally infirm and must be vacated.[7] In *Burgett, supra*, the Supreme Court held that a state could not use a conviction invalid under *Gideon* to enhance punishment under its recidivist statute; and, in *Loper v. Beto*, 405 U.S. 473, 483, 92 S.Ct. 1014, 1019, 31 L.Ed.2d 374 (1972), the Court held that such a conviction may not be used to impeach credibility as a witness in a subsequent trial. *See also Gilday v. Scafati*, 428 F.2d 1027, 1029 (1st Cir.1970) ("The absence of counsel [in the prior trial] impairs the reliability of such convictions just as much as when used to impeach as when used as direct proof of guilt"). Brown challenges the validity of the hearing on his first motion, contending that because the first proceeding was infirm, it may not be used as a "successive petition bar" against having the same contention heard anew. We agree, and, accordingly, we reverse the order of the trial court denying Brown's motion and remand the case to the trial court for an evidentiary hearing on the issues raised in the motion and the appointment of counsel.

*Reversed and remanded.*

**7.** *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (a state cannot use an invalid conviction to enhance punishment under its recidivist statute); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (same); *Fairbanks v. State*, 331 Md. 482, 629 A.2d 63, 65 (1993) (*Burgett* applies to all forms of collateral attacks and proceedings) (citing *Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938)).