Ronald D. **BRADLEY**, Jr., Appellant

v.

**UNITED STATES**, Appellee.

No. 04–CO–188.

District of Columbia Court of Appeals.

Submitted Feb. 10, 2005.

Decided Aug. 25, 2005.

---

Ronald D. Bradley, Jr., filed a brief pro se.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher and Timothy J. Kelly, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Chief Judge, and TERRY and WAGNER, Associate Judges.[*]

TERRY, Associate Judge:

Appellant pleaded guilty to the crime of second-degree murder while armed. Six years later, he filed a motion (his second) to vacate his sentence, pursuant to D.C.Code § 23–110 (2001), which the trial court denied without a hearing in a detailed five-page order. From that order appellant brings this appeal; we affirm.

I

Appellant was originally charged by indictment with first-degree murder while armed, conspiracy to commit first-degree murder while armed, and two related firearms offenses. In September 1997 he entered a plea of guilty to the lesser included offense of second-degree murder while armed, and a few weeks thereafter he was sentenced to imprisonment for twenty years to life, with a five-year mandatory minimum term. It appears that he noted an appeal from his conviction, but three months later the appeal was withdrawn.[1] Then, in March 1998, the trial court granted appellant's motion to reduce his sentence to fifteen years to life, while retaining the mandatory[2] five-year minimum.

In November 2001 appellant filed a motion to vacate his sentence, pursuant to D.C.Code § 23–110 ("the first § 23–110 motion"), which the court denied on January 7, 2002. In that motion appellant maintained, *inter alia*, that his plea of guilty was coerced and involuntary, and

that his attorney was ineffective because he failed to advise the court of his claim of innocence. Appellant appealed from the denial of the first § 23–110 motion, but the trial court's order was affirmed by this court in an unpublished Memorandum Opinion and Judgment. *Bradley v. United States*, No. 02–CO–102, 814 A.2d 448 (D.C. 2002). In that decision we held that appellant's motion "fell far short of demonstrating ... that the acceptance of his guilty plea was manifestly unjust or that fundamental flaws in the plea proceeding resulted in a miscarriage of justice." This court also held that appellant's "generic claims of coercion, involuntariness, and ineffective assistance of counsel are belied by his colloquy with the court when he tendered his plea," and were in any event "too vague and conclusory even to entitle him to a hearing."

Undaunted, appellant filed a second motion on November 24, 2003, to vacate his sentence and withdraw his guilty plea ("the second § 23–110 motion"). In that motion, appellant asserted that the trial court erred in not holding a competency hearing *sua sponte* before accepting the guilty plea, and that his attorney was ineffective because he failed to request such a hearing. Once again, in January 2004, the trial court denied appellant's second § 23–110 motion without a hearing, both as procedurally barred and on its merits. This appeal followed.

II

Before accepting appellant's guilty plea, the trial court engaged in a discussion with

* Judge Wagner was Chief Judge of the court at the time this case was submitted. Her status changed to Associate Judge on August 6, 2005.

Judge Washington was an Associate Judge of the court at the time this case was submitted. His status changed to Chief Judge on August 6, 2005.

1. The first notice of appeal is not in the record, but both parties agree that it was filed and later voluntarily dismissed.

2. *See* D.C.Code § 22–4502(a)(1) (2001).

appellant in order to ensure that he was making his plea knowingly and voluntarily. Among the questions the court asked was whether appellant was under the influence of any drugs, alcohol, or any medications, to which appellant answered, "No." The court also asked whether appellant had any psychological problems:

THE COURT: Are you experiencing any mental problems or emotional problems? It's okay, you can say.

THE DEFENDANT: Sort of.

THE COURT: What kinds of mental problems or emotional problems are you experiencing?

(Pause.)

THE COURT: Is it that you are feeling stressed out because of what is going on?

THE DEFENDANT: Yes, [ma'am.]

THE COURT: Okay. Is the feeling that you have or the stress that you are under so severe that you don't know where you are or what you are doing?

THE DEFENDANT: I know right now, but—I been sort of like, you know, getting depressed off and on.

THE COURT: Okay. But now, this very moment, do you know where you are? Where you are?

THE DEFENDANT: Yes.

THE COURT: Do you know what you are getting ready to do?

THE DEFENDANT: About to save my soul.

THE COURT: Well, I don't want your soul.... Do you know what you are getting ready to do in terms of your case, not in terms of your morality?

THE DEFENDANT: Yeah.

The court then asked whether appellant understood the nature of the charges against him and the plea offer, and whether his lawyers had answered his questions regarding the charges and the plea offer. The court also inquired whether he was satisfied with his lawyers, to which appellant responded, "In a way, yes." Seeking to clarify this answer, the court continued:

THE COURT: Did you say in a way?

THE DEFENDANT: Yes, I did.

THE COURT: Do you have any dissatisfaction?

THE DEFENDANT: No, ma'am.

THE COURT: Is there any complaint you want to file here at the bench with either of your lawyers?

THE DEFENDANT: No.

THE COURT: Today would be the better day to do it as opposed to tomorrow. So don't plead guilty and tell me tomorrow, you know, I never did like those two [attorneys], okay?

THE DEFENDANT: Yeah.

The rest of the hearing proceeded with unremarkable responses, in the course of which appellant acknowledged (1) that no one had made him any promises, other than those in the plea offer, to induce him to plead guilty, (2) that no one had threatened him or tried to force him to plead guilty, (3) that he understood the maximum possible sentence for the charge to which he was pleading guilty, (4) that he understood the rights he would enjoy at trial if he did not plead guilty, and (5) that he was aware of the evidence that the government was prepared to present against him if the case were to be tried. Finally, appellant stated that he was pleading guilty to the charge of second-degree murder while armed because he was guilty of that crime.

## III

As we have mentioned, the trial court denied appellant's second § 23–110 motion both on procedural grounds and on the

merits. We hold that the court was correct in both respects.

## A. *Procedural Grounds*

The trial court denied appellant's motion as procedurally barred on two related but separate grounds. First, the court held that the motion was barred because it was a successive motion for similar relief under D.C.Code § 23–110(e). Second, the court held that the only new issue raised in his second § 23–110 motion, the question of his competency to enter the plea, was barred for failure to raise it in his first § 23–110 motion.

■ D.C.Code § 23–110(e) states, "The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." We have often and consistently upheld the denial of a second or successive § 23–110 motion without a hearing, at least in the absence of a showing of cause and prejudice, which appellant has not made. *See, e.g., Washington v. United States,* 834 A.2d 899, 902–904 (D.C.2003) (citing cases); *Dobson v. United States,* 815 A.2d 748, 758 (D.C.2003); [3] *Matos v. United States,* 631 A.2d 28, 31 (D.C.1993); *Vaughn v. United States,* 600 A.2d 96, 97 (D.C.1991). A motion is "successive" if it raises claims identical to those raised and denied on the merits in a prior motion. *Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *see Vaughn,* 600 A.2d at 97.

■ Appellant's present allegations that he was not competent to enter a guilty plea and that his counsel was ineffective for failing to request a competency hearing are, we conclude, successive to those made in his first § 23–110 motion. That motion was denied on the merits, and the denial was affirmed by this court on appeal. This means that all the claims he raised in his first motion, including ineffective assistance of counsel, cannot be raised again in a second (or third or fourth) motion.

It is true that in his first motion appellant did not specifically urge, as a ground for relief, counsel's failure to request a competency hearing at the time of the guilty plea. But the fact that his second claim of ineffective assistance is based on acts or omissions by counsel that were not alleged in the first motion does not affect our conclusion that the second motion is "successive," as that term is used in the statute. Only the factual allegations in the second motion are new; the legal claim in the second, ineffective assistance, is the same as in the first. "Because the second motion stated an identical *legal* basis for relief—ineffective assistance of trial counsel—and because [appellant] demonstrates no cause for and prejudice from his failure to raise *this* ineffective assistance claim in his first 23–110 motion, the trial court did not abuse its discretion in denying the second motion without a hearing." *Dobson,* 815 A.2d at 758 (emphasis added; citation omitted).[4] Without a showing of cause and prejudice, appellant is entitled to no more than one bite at the ineffective assistance apple. Appellant, like any other convicted defendant, cannot keep presenting new claims of ineffective assistance of counsel, basing each new claim on different

---

3. Although one judge dissented in part in the *Dobson* case, all three members of the court joined in the section of the opinion, part II–B, which we cite here.

4. In any event, the arguments that appellant now presents do not really involve "competence," as is clear from appellant's more specific focus on his "relatively youthful age, educational background, and the situation and circumstance." As the trial court noted in its order, appellant "confuses competence with a knowing and intelligent waiver."

acts or omissions by counsel that were not mentioned in a previous motion.

 Moreover, any claims that were not previously made are procedurally barred under the "abuse of writ" doctrine. *See McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Washington,* 834 A.2d at 902–903; *Matos,* 631 A.2d at 30. To establish sufficient cause for failing to assert his current claims in his previous motion, appellant must show that he "was prevented by exceptional circumstances" from doing so. *Head v. United States,* 489 A.2d 450, 451 (D.C.1985); *see Washington,* 834 A.2d at 903. He has utterly failed to make such a showing. In his first § 23–110 motion, appellant did not challenge the trial court's failure to hold a competency hearing, nor did he contend that his counsel was ineffective for failing to request such a hearing. In his second § 23–110 motion, he offered no excuse for his failure to include such claims in his first motion, nor does he do so in his brief on appeal. Accordingly, we hold that the trial court committed no error in ruling that they were procedurally barred.[5]

### B. *The Merits*

 The trial court also ruled that, even if appellant's claims that he lacked the requisite competency to enter a guilty plea and that his counsel rendered ineffective assistance were not procedurally barred, they must fail on their merits. We review that decision for abuse of discretion, and find no such abuse. *See, e.g., Harkins v. United States,* 810 A.2d 895, 899 (D.C. 2002) (denial of § 23–110 motion without a hearing is reviewed for abuse of discre-

tion); *Maske v. United States,* 785 A.2d 687, 693 (D.C.2001) (denial of motion to withdraw guilty plea is reviewed for abuse of discretion).

 When considering a motion to vacate sentence under § 23–110 which is filed after a defendant has pleaded guilty and been sentenced, the motion is properly treated as a motion to withdraw the guilty plea. *See Wilson v. United States,* 592 A.2d 1009, 1011 (D.C.1991). Such a motion may be granted

> only if the defendant affirmatively establishes that the trial court's acceptance of [his] plea was manifestly unjust, and that the plea proceeding was fundamentally flawed such that there was a complete miscarriage of justice.... In the absence of "manifest injustice," the trial court must deny appellant's motion, and this court may overturn the trial court's denial only for an abuse of discretion.

*(Linda) Johnson v. United States,* 631 A.2d 871, 874 (D.C.1993) (citations omitted). The trial court may deny such a motion without a hearing when the defendant presents or proffers no new evidence to support his motion. *See (Michael) Johnson v. United States,* 633 A.2d 828, 832 (D.C.1993) (hearing on § 23–110 motion unnecessary when appellant presented no new information relevant to his competency to enter guilty plea); *Vaughn,* 600 A.2d at 97–98 (hearing on motion unnecessary when appellant's ineffective assistance claims were "vague and conclusory"); *McClurkin v. United States,* 472 A.2d 1348, 1353 (D.C.1984) (hearing not required if allegations in motion "are vague and conclusory, are wholly incredible, or

---

5. In his brief appellant makes additional arguments that he did not make even in his second § 23–110 motion. Because these arguments were never presented to the trial court, we will not consider them. *See Miller*

*v. Avirom,* 127 U.S.App.D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967) ("Questions not properly raised and preserved [in the trial court] ... will normally be spurned on appeal").

do not merit relief even if true" (citations omitted)).

In determining whether a defendant is competent to enter a guilty plea, a court must consider whether he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *see Godinez v. Moran,* 509 U.S. 389, 396–399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (applying the *Dusky* standard to the issue of competency to enter a guilty plea). The court must make a competency determination only when a question as to the defendant's mental competency has been raised previously on the record, *Willis v. United States,* 468 A.2d 1320, 1323 (D.C.1983), and when there is evidence that raises a "substantial doubt" about his competency. *Holmes v. United States,* 407 A.2d 705, 706 (D.C.1979).

In his second § 23–110 motion, appellant presented no evidence to support his claim that the trial court should have held a competency hearing before accepting his plea. At the plea hearing, neither appellant nor his counsel raised any issue of competency. Appellant points to the portion of the hearing in which he replied to the court's question about whether he was experiencing mental or emotional problems with "Sort of." Standing alone, this answer might arguably be ambiguous enough to raise at least some doubt about his competency. But it does not stand alone. The court followed up on it and clarified that appellant was merely feeling "stressed out" and "getting depressed off and on"—an emotional state that surely is not unusual among persons who plead guilty to serious crimes. The court was careful to ask appellant whether he knew where he was and what effect a guilty plea would have on his case, and appellant responded affirmatively. Appellant also acknowledged that his lawyers[6] had answered his questions and explained to him the available options, and that he understood the rights he would relinquish by pleading guilty and the consequences of such a plea.

This record leaves us with no doubt that appellant met the competency standard established in *Dusky,* and thus we hold that the court was not required to conduct a competency hearing *sua sponte.* *See Williams v. United States,* 595 A.2d 1003, 1005–1006 (D.C.1991). We are satisfied that the court properly applied the "manifest injustice" standard in denying appellant's second § 23–110 motion to the extent that it was based on the contention that the court had erred in failing to hold a competency hearing.

A defendant who seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel must establish that the plea "was motivated by advice received from counsel which fell short of the range of competence demanded of attorneys in criminal cases." *Gibson v. United States,* 388 A.2d 1214, 1215 n. 4 (D.C.1978) (citations omitted). Further, if that burden is met, the movant must also show that he was prejudiced by counsel's deficiencies. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Appellant has made neither part of this two-part showing. He has not presented any evidence which would show that the advice he received from counsel "fell short of the range of competence demanded of

---

**6.** Appellant was represented at the plea hearing by two attorneys from the Public Defender Service.

attorneys in criminal cases." On the contrary, the court at the plea hearing explicitly asked him whether he was satisfied with his two attorneys, and he explicitly affirmed that he was. Further, he stated that his lawyers had answered all his questions and explained to him the charges against him and the terms of the plea offer. Finally, as we have said, appellant's allegation that his counsel was ineffective for failing to request a competency hearing is defeated by the fact that no competency hearing was warranted. Therefore, to the extent that appellant's second § 23–110 motion was based on his claim of ineffective assistance of counsel, we can find no manifest injustice and no other basis for relief.

For all the reasons stated, the order denying appellant's second § 23–110 motion is

*Affirmed.*