*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 20-CO-0728 & 23-CO-0724

C.P., APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(1979-FEL-003237)

(Hon. Laura A. Cordero, Motions Judge)

(Argued June 3, 2025                    Decided April 9, 2026)

*Alice Wang*, Public Defender Service, with whom *Samia Fam*, *Jaclyn S. Frankfurt*, and *Lee R. Goebes*, Public Defender Service, were on the briefs, for appellant.

*Eric Hansford*, Assistant United States Attorney, with whom *Edward R. Martin, Jr.*, United States Attorney at the time the brief was filed, and *Chrisellen R. Kolb*, Assistant United States Attorney, were on the brief, for appellee.

Before HOWARD and SHANKER, *Associate Judges*, and MCLEAN, *Associate Judge, Superior Court of the District of Columbia*.[*]

MCLEAN, *Associate Judge*: In 1980, a jury convicted appellant C.P. of oral sodomy under D.C. Code § 22-3502 (1973), a since-repealed statute that

---

[*] Sitting by designation pursuant to D.C. Code § 11-707(a).

criminalized all sodomy. The instructions to the jury stated that, under the statute, consent was not a defense. C.P.'s sentence included the requirement to register for life as a sex offender under the Sex Offender Registration Act of 1999 (SORA). C.P. filed a direct appeal in 1981; this court affirmed his conviction. C.P. filed a pro se motion to vacate his conviction in 2004, which the trial court denied. C.P. filed two additional motions in 2018 and 2021. The first motion argued that SORA registration is a severe penalty that triggers the right to a jury trial under the Sixth Amendment and, since a jury did not determine whether C.P. committed forcible sodomy, the requirement was invalid. The second motion argued that the conviction and SORA registration requirement violated C.P.'s right to substantive due process under *Lawrence v. Texas*, 539 U.S. 558 (2003). The trial court denied both motions.

C.P. now appeals the denial of the 2018 and 2021 motions.[1]

We affirm the denials of the 2018 motion to challenge C.P.'s SORA registration and the 2021 motion to vacate C.P.'s conviction.

---

[1] On September 18, 2024, C.P. also filed the Motion to Recaption Case Using Appellant's Initials and to Refer to Appellant by His Initials in Any Written Material Produced in this Appeal ("Motion"). We grant the Motion to recaption the cases and refer to C.P. by his initials.

## I.    Background

### A. Trial[2]

In 1979, a grand jury indicted C.P. and co-defendant Roy Leasure on two counts of sodomy, in violation of D.C. Code § 22-3502 (1973), and two counts of rape, in violation of D.C. Code § 22-2801 (1973).  Section 22-3502(a) stated that

> [e]very person who shall be convicted of taking into his or her mouth or anus the sexual organ of any other person or animal, or who shall be convicted of placing his or her sexual organ in the mouth or anus of any other person or animal, or who shall be convicted of having carnal copulation in an opening of the body except sexual parts with another person, shall be fined not more than $1,000 or be imprisoned for a period not exceeding ten years.  Any person convicted under this section of committing such act with a person under the age of sixteen years shall be fined not more than $1,000 or be imprisoned for a period not exceeding twenty years.

D.C. Code § 22-3502(a) (1973) (repealed).

At trial in 1980, complaining witness G.D.[3] testified that, while waiting at a bus stop around 1:00 a.m. on June 12, 1979, she accepted a ride from C.P. and

---

[2] As the transcript from the 1980 trial is no longer available, this court relies on the summary of the trial evidence provided in C.P.'s brief on direct appeal in 1981.  Both parties cite this summary in their briefs in this appeal.

[3] Following a combination of the parties' conventions, the complainant's name has been replaced with her initials.

Mr. Leasure. Sheila Barnes was also a passenger in the car. After C.P. and Mr. Leasure dropped Ms. Barnes off at her home, G.D. thought they would go to G.D.'s home. Instead, C.P. and Mr. Leasure took G.D. to Congressional Cemetery. Once they arrived at the cemetery, C.P. told G.D. that "this is where we do our business," C.P. and Mr. Leasure entered the back seat where G.D. was sitting, and C.P. asked if G.D. would "trick" for them. When G.D. said no, C.P. forced her to commit oral sodomy. C.P. and Mr. Leasure then ordered G.D. to remove her clothing. Mr. Leasure asked C.P. whether the "piece" was still under the front seat of the car, then C.P. forced G.D. to engage in anal sodomy, oral sodomy, and vaginal intercourse while Mr. Leasure exited the car and spread a blanket on the ground. Once C.P. announced he was done, Mr. Leasure led G.D. to the blanket and they engaged in vaginal intercourse. C.P. testified in his defense, claiming that all sexual activity was consensual, and that he did not engage in anal sodomy.

At the end of the trial, the defense requested a jury instruction on a consent defense to sodomy, which the trial court rejected. The trial court instructed the jury that "consent is not a defense to sodomy. Therefore, it is immaterial whether or not the complainant consented to the act alleged in the indictment." Criminal Jury Instructions for the District of Columbia, No. 4.79 (3d ed. 1978). The full standardized instruction stated that

[t]he essential elements of this offense, each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant [took the sex organ of [another person] [an animal] into [his] [her] mouth [or anus] ] [placed [his] [her] sexual organ in the mouth [or anus] of [another person] [an animal] ] [had carnal copulation with another person in an opening of the body except the sexual parts];
2. [That at the time of the act, the complainant was under 16 years of age;][4] and
3. That the defendant had the intent to do the act described.

With respect to the first element of the offense, any penetration, however slight, is sufficient, and proof of emission is not necessary.

Consent is not a defense to sodomy. Therefore it is immaterial whether or not [the complainant] [a person other than the defendant] consented to the act alleged in the indictment.

*Id.*

The jury convicted C.P. of one count of oral sodomy under Section 22-3502 and acquitted him as to all other charges. The trial court sentenced C.P. to three to nine years of incarceration.

---

[4] The comment to the instructions notes that the second element should be included only where it is alleged that the complainant is under the age of sixteen.

## B. Appeal and Motions

In 1981, C.P. filed a direct appeal addressing the issue: "whether the failure of the trial court to instruct the jury that consent is a defense to [Section 22-3502] denied appellant liberty without due process as this failure rendered [Section 22-3502] an absolute ban upon private consensual sexual activity infringing on the constitutional right to privacy." That same year, this court affirmed C.P.'s conviction.

In 2004, C.P. filed a pro se motion pursuant to Section 23-110 ("Pro Se Motion"), arguing that his sodomy conviction should be "expunged from his record as a result of exrogare" because of the Right to Privacy Amendment Act of 1993 and the 1995 repeal of Section 22-3502. C.P. argued that due to the new law, "the act in question is no longer considered a crime between two consenting adults." The trial court denied the Pro Se Motion, concluding that (1) the Right to Privacy Amendment Act of 1993 was not retroactive because it did not "expressly state the intention of retroactive application," and (2) C.P.'s sentence did not violate the Constitution or any D.C. laws.

In 2018, C.P. filed a motion pursuant to Section 22-4004 ("22-4004 Motion") challenging the determination of the Court Services and Offender Supervision Agency (CSOSA) that he was subject to lifetime sex offender registration under

SORA based on his sodomy conviction. On June 16, 2020, the trial court denied the 22-4004 Motion in a written order that was subsequently vacated and reentered on December 1, 2020. The trial court relied on existing police reports and hearing transcripts in determining that C.P. committed forcible sodomy. C.P. now appeals the trial court's denial of the 22-4004 Motion.

In 2021, C.P. filed a motion to vacate his conviction pursuant to Section 23-110 ("Motion to Vacate"). He argued that his conviction and SORA registration requirement violated his constitutional right to substantive due process under *Lawrence v. Texas*, 539 U.S. 558 (2003). The trial court denied this motion on August 4, 2023, holding that the motion was "procedurally barred as a successive motion" under Section 23-110(e) since it "rais[ed] claims identical to those raised and denied on the merits in a prior motion." C.P. did not "establish cause and prejudice sufficient to overcome the procedural default." The trial court further held that any arguments raised in the Motion to Vacate that C.P. had not raised previously were barred as an abuse of the writ. The trial court also concluded that even if his claim was not barred, C.P.'s argument failed because *Lawrence* does not apply to "public conduct." C.P. now appeals the trial court's denial of the Motion to Vacate.

## II.    Legal Background

The Right to Privacy Amendment Act of 1993 amended Section 22-3502, stating that "no act engaged in only by *consenting persons* 16 years of age or older shall constitute an offense under this section" (emphasis added).  In 1995, the statute was repealed entirely.

In 2003, the Supreme Court struck down a Texas statute that criminalized consensual sodomy, emphasizing that the "penalties and purposes [of the Texas statute] have more far-reaching consequences, touching upon the most private human conduct, sexual behavior, and in the most private of places, the home." *Lawrence*, 539 U.S. at 567.  In 2011, the D.C. Council amended the District's indecent exposure statute, Section 22-1312, to prohibit sexual acts "in open view, before the people at large," making those actions a misdemeanor punishable by a maximum of ninety days in jail.

*Lawrence* did not clearly delineate whether consensual sodomy is beyond criminalization only when it occurs in the home.  To interpret *Lawrence*, "a court will often cite to the 'what-*Lawrence*-isn't' passage and then characterize the conduct as falling into one of the listed exceptions to *Lawrence*."  LiJia Gong & Rachel Shapiro, *Sexual Privacy After* Lawrence v. Texas, 13 Geo. J. Gender & L. 487, 497 (2012).  What-*Lawrence*-isn't includes minors, "persons who might be

injured or coerced or who are situated in relationships where consent might not easily be refused," "public conduct or prostitution," and "whether the government must give formal recognition to any relationship that homosexual persons seek to enter." *Lawrence*, 539 U.S. at 578. Courts may, either in tandem with this "zone of dignity" view or on their own, "read *Lawrence* and declare it inapplicable to the question before them because *Lawrence* does not announce a fundamental right either to a broad right to 'private sexual intimacy' or to all consensual sexual adult activity." Gong & Shapiro, *supra*, at 495.

### III.    Analysis

We first address the Motion to Vacate. We conclude that the Motion to Vacate is barred as an abuse of the writ because it raises claims that C.P. did not raise in the Pro Se Motion, and exceptional circumstances did not prevent C.P. from raising those claims.

Second, we address the 22-4004 Motion. C.P. argues that the SORA registration requirement must be reversed because (1) a jury must make the finding of forcible sodomy required under Section 22-4004, (2) the jury must make the finding by more than a preponderance of the evidence, and (3) the evidence before the trial court was insufficient for even a preponderance of the evidence standard. However, C.P.'s first two claims were forfeited by a failure to raise them in the 22-

4004 Motion, and C.P. fails to establish plain error. C.P.'s third claim fails as there was sufficient evidence for the trial court to find forcible sodomy by a preponderance of the evidence. We conclude that the trial court properly denied the 22-4004 Motion.

## A. Standard of Review

If the trial court denies a motion as successive or an abuse of writ without a hearing, we review the denial for abuse of discretion. *See Bradley v. United States*, 881 A.2d 640, 646 (D.C. 2005). "Where the existing record provides an adequate basis for disposing of the motion, the trial court may rule on the motion without holding an evidentiary hearing." *Ready v. United States*, 620 A.2d 233, 234 (D.C. 1993).

Section 22-4004 allows a person to seek review of a determination by CSOSA that the person is required to register under SORA. A determination can depend on "a finding not apparent from the disposition as to . . . [w]hether certain sexual acts or contacts were forcible." D.C. Code § 22-4004(a)(1)(A)(ii). Subsection (c)(1) states that

> [t]he Court may, in its sole discretion, decide a motion
> made under subsection (a) of this section on the basis of
> the motion, affidavits, the files and records of the case,
> other written documents, proffers of the parties, or an

> evidentiary hearing. If the Court determines that a hearing is necessary to decide the issue or if the interests of justice otherwise require, the Court shall appoint counsel for the person if he or she is not represented by counsel and meets the financial criteria for the appointment of counsel.

D.C. Code § 22-4004(c)(1). The trial court may provide de novo review of an initial fact determination made by CSOSA, and the government bears the burden of proof by a preponderance of the evidence when a person seeks review under Section 22-4004. *See In re W.M.*, 851 A.2d 431, 455 (D.C. 2004); *Cox v. United States*, 325 A.3d 360, 368 (D.C. 2024). We review the trial court's factual finding for sufficiency of the evidence. *See Cox*, 325 A.3d at 375-76.

## B. Discussion

### 1. The motion to vacate is an abuse of the writ

The "'abuse of writ doctrine precludes' a second or subsequent motion raising 'claims not raised, and thus defaulted, in the first [collateral] proceeding.'" *Hardy v. United States*, 988 A.2d 950, 960 (D.C. 2010) (alteration in original) (quoting *Thomas v. United States*, 772 A.2d 818, 824 (D.C. 2001)). However, a party may still raise the claim on appeal if he can show that "he 'was prevented by exceptional circumstances' from raising the claim at the appropriate time." *Hardy*, 988 A.2d at 960-61 (citing *Washington v. United States*, 834 A.2d 899, 903 (D.C. 2003)).

As the trial court noted, C.P. filed the Pro Se Motion one year after the decision in *Lawrence*. C.P. never raised the case or a substantive due process argument in the Pro Se Motion. Instead, C.P. based his argument around the Right to Privacy Amendment Act of 1993 and did not raise *Lawrence* or the substantive due process argument until the Motion to Vacate. C.P. argues that exceptional circumstances prevented him from raising these arguments in the Pro Se Motion because he lacked legal counsel at the time. However, C.P.'s lack of counsel would constitute an exceptional circumstance only if he had a right to counsel regarding the Pro Se Motion. Otherwise, as the government notes, procedural bars would not exist for any pro se defendant. Appointment of counsel is not required for a Section 23-110 motion unless a hearing is required, and a hearing is not required if the motion (1) is "palpably incredible," (2) "fails to state a claim," or (3) is "vague and conclusory." *Doe v. United States*, 583 A.2d 670, 672-73 (D.C. 1990) (citing *Jenkins v. United States*, 548 A.2d 102, 105 (D.C. 1988)). The trial court did not hold a hearing for the Pro Se Motion and found that C.P. failed to state a claim because he did not establish grounds that his sentence violated the law or the trial court's jurisdiction. As such, C.P. did not have a right to counsel for the filing of the Pro Se Motion, and his lack of counsel does not qualify as an exceptional circumstance.

C.P. further argues that justice required the trial court to consider the arguments because he is "actually innocent." A party must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" to establish that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Additionally, we must consider C.P.'s delay in raising the actual innocence claim "as a factor in determining whether actual innocence has been reliably shown." *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). The government argues that C.P. does not meet the actual-innocence standard because of the physical evidence presented at trial, including "bruises" and "redness" on G.D.'s face, G.D.'s underwear on the ground at the location of the incident, and Mr. Leasure's statement to the police that G.D. "did not want to have sex with [C.P.]." The government further argues that C.P.'s delay in raising the actual innocence claim undercuts the claim. We agree with the government. C.P. does not demonstrate that it is more likely than not that no reasonable juror would have convicted him, given G.D.'s testimony, Mr. Leasure's statement, and the physical evidence presented at trial. C.P.'s choice to wait decades to raise the claim cuts against its reliability, not in support of it. As such, we hold that C.P. has not satisfied the standard for actual innocence.

**2.    The 22-4004 motion does not establish plain error and there is sufficient evidence to find forcible sodomy**

If a party fails to preserve his claims in the trial court, he "forfeit[s] his right to have this court consider . . . the merits of [his] claims under the court's regular standard of review" unless the party shows that there is an "exceptional situation" where review of the claims is "necessary to prevent a clear miscarriage of justice apparent from the record." *Thompson v. United States*, 322 A.3d 509, 515 (D.C. 2024) (alteration in original) (citing *Pajic v. Foote Properties, LLC*, 72 A.3d 140, 145 (D.C. 2013)).  The claims "remain reviewable by this court subject to the strictures of plain error review." *Thompson*, 322 A.3d at 515.

On appeal, C.P. argues that (1) a jury must make the finding of forcible sodomy required under Section 22-4004, (2) the jury must make the finding by more than a preponderance of the evidence, and (3) the evidence before the trial court was insufficient for even a preponderance of the evidence standard.  However, C.P. did not preserve the first two claims because he did not raise them in the 22-4004 Motion.  Additionally, C.P. does not argue or show that there is an exceptional situation requiring review of these claims to prevent a clear miscarriage of justice.  As C.P. forfeited his right to consideration of these claims, we review them for plain error.

Under the plain error review standard, an appellant must show: (1) "an error or defect"; (2) that is "clear or obvious, rather than subject to reasonable dispute[;]" and (3) that "affected the appellant's substantial rights" by affecting the outcome of the trial court proceedings; in which case, (4) "the court of appeals has the discretion to remedy the error . . . only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

Under the plain language of Section 22-4004 and *W.M.*, C.P.'s first two claims do not show any clear or obvious error. C.P. used the 22-4004 Motion to contest the nature of the conduct underlying his offense, namely, whether the sodomy was forcible. The trial court reviewed the issue de novo, as required by *W.M.*, and found that the sodomy was forcible by a preponderance of the evidence, the standard upheld in *Cox*. C.P. does not show any error in how the trial court addressed the 22-4004 Motion.

C.P. argues that the 22-4004 Motion "bore 'the clear hallmarks of [an *Apprendi v. New Jersey*, 530 U.S. 466 (2000)] claim' and preserved his Sixth Amendment claim for appellate review" under *Biles v. United States*, 101 A.3d 1012, 1018 (D.C. 2014) (holding that the appellant's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), was preserved, even though the appellant's counsel did not invoke

the case by name, because the claim had "clear hallmarks"). In *Apprendi*, the Supreme Court held that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court later held that *Apprendi* "applies in full" where there is a penalty severe enough to trigger the right to a jury trial under the Sixth Amendment. *S. Union Co. v. United States*, 567 U.S. 343, 352 (2012). C.P. further cites *Fallen v. United States*, 290 A.3d 486 (D.C. 2023), in which this court reversed the denial of the appellant's jury trial demand and held that "SORA's registration and notification . . . when viewed together with the 180-day maximum period of incarceration and up to five years of probation . . . overcomes the presumption that appellant was charged with a petty offense and triggers the Sixth Amendment right to a trial by jury." *Id.* at 499.

However, *Fallen*'s holding applied to a new criminal prosecution where SORA was potentially involved, unlike C.P.'s case which had already gone to trial by the time he filed the 22-4004 Motion. *See id.* at 490. Additionally, *Apprendi* does not apply retroactively because it is "nothing but procedure" and it "is not a 'watershed' rule that improve[s] the accuracy of determining the guilt or innocence of a defendant." *Long v. United States*, 36 A.3d 363, 379 (D.C. 2012). Therefore,

*Apprendi* does not, at least clearly or obviously, apply to the 22-4004 Motion, the motion does not satisfy the plain error review standard, and the trial court's denial of the motion was proper.

Regarding C.P.'s third claim, C.P. argues that G.D.'s unsworn statement to the police regarding a threat from C.P. is insufficient to prove forcible sodomy by a preponderance of the evidence, and that no other evidence supports a finding of forcible sodomy. The government argues that G.D.'s sworn testimony, in addition to the physical evidence and Mr. Leasure's statement, was sufficient to support the trial court's finding of forcible sodomy.

We agree with the government. G.D. testified that C.P. "forced" her to commit oral sodomy; "ordered" her to remove her clothing; referred to a "piece" under the front seat of the car; and "forced" her to submit to anal sodomy, oral sodomy, and vaginal intercourse. Although C.P. provided conflicting testimony, "where there is a direct conflict between the testimony of a defendant and that of a witness for the government, the trier of the facts has a right to accept the version of the government's witness." *Earle v. United States*, 612 A.2d 1258, 1268 (D.C. 1992) (quoting *Brenke v. United States*, 78 A.2d 677, 678 (D.C. 1951)). Additionally, the trial court could consider "[u]nobjected-to hearsay," like G.D.'s unsworn statement to the police, in making the determination. *Cox*, 325 A.3d at 378. Therefore, the

trial court had sufficient evidence to find that the sodomy was forcible by a preponderance of the evidence.

## IV.    Conclusion

For all of the foregoing reasons, we affirm the denial of the 2018 motion to challenge C.P.'s SORA registration and affirm the denial of the 2021 motion to vacate C.P.'s conviction.

*So ordered.*